```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION

F & W LAWN CARE AND
LANDSCAPING, INC., AN
ILLINOIS CORPORATION,

       Plaintiff,

v.                                Case No:  2:23-cv-549-JES-KCD

ROBERT A. COZART

       Defendants.
_____
```

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff F&W Lawn Care and Landscaping Inc.'s ("Plaintiff") Objection to Magistrate's Order on Motion to Compel Answers and Responses to its First Set of Discovery Requests and Motion to Stay Discovery (Doc. #113). Defendant Robert A. Cozart ("Defendant") filed a Response in Opposition to Plaintiff's Objection (Doc. #114). For the reasons set forth below, Plaintiff's objections are overruled.

**I.**

Because Plaintiff's objections are to the magistrate judge's non-dispositive discovery order (Doc. #110), this Court applies the clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide … [t]he district judge in the case must consider timely

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "The 'clearly erroneous or contrary to law' standard is extremely deferential." Scopelliti v. McClean, No. 8:20-CV-104-CEH-CPT, 2023 WL 1071626, at *1 (M.D. Fla. Jan. 27, 2023) (citing Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co., No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). "A finding is clearly erroneous when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." Krys v. Lufthansa German Airlines, 119 F.3d 1515, 1523 (11th Cir. 1997) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Positano Place at Naples IV Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 2:21-CV-186-SPC-KCD, 2024 WL 3817021, at *1 (M.D. Fla. Aug. 14, 2024) (quoting A.R. by and through Root v. Dudek, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015)).

**II.**

**A. General Background**

The events instigating this litigation began in 2008, when Defendant's then-wife Tina Cozart ("Tina") engaged in a scheme of fraudulently using Plaintiff's credit cards for her own personal gain while working as an office manager for Plaintiff (Doc. #1, ¶

8). In August 2016, federal prosecutors in Illinois charged Tina with fraud and tax violations. Defendant was not charged. Then, in December 2017 Tina pleaded guilty and was sentenced to a term of imprisonment for a fraud charge and a tax charge. Tina was also ordered to pay Plaintiff over $1.4 million in restitution. (Id. at ¶¶ 30-39.)

Sometime between late 2015 and early 2016, Tina and Defendant moved to California, where Defendant had secured employment. (Id. at ¶¶ 27-28.) Defendant filed a petition for divorce against Tina in 2018. (Id. at ¶ 47.) In late 2019, Tina and Defendant executed a marital settlement agreement ("MSA"). Pursuant to the MSA, Tina assigned her entire 50% interest in certain assets[1] to Defendant. (Id. at ¶¶ 58-60.) This allegation forms the basis for Plaintiff's claims against Defendant, who, according to Plaintiff, obtained a sham divorce from Tina to conceal Tina's assets by making Defendant the sole owner of the couple's community property.

Plaintiff also alleges that, in furtherance of the scheme to conceal Tina's assets, Defendant failed to segregate certain stock proceeds that were earned and substantially liquidated during the period between when Defendant filed the divorce petition through the date of the divorce judgment. (Id. at ¶¶ 80-83.) Moreover,

---

[1] Under California community property law, Tina had a 50% interest in all their assets, notwithstanding any titled ownership in Robert's name.

-3-

Plaintiff asserts that Defendant intentionally omitted the account containing these stock proceeds from the MSA even though, under California law, Tina had a 50% interest in these assets. (Id. at ¶ 86.) Then, when Plaintiff requested that Tina pursue her share of the funds from the account containing the stock proceeds, Tina purportedly refused, amounting to an effective transfer of the stock assets to Defendant. (Id. at ¶¶ 93-98.)

The last allegation forming the basis of the scheme involved a series of payments made from Tina to Defendant after her release from incarceration. Plaintiff asserts that, because Tina was required to pay 50% of her disposable income to Plaintiff in restitution, Defendant and Tina devised a plan for Tina to pay the entirety of her excess income to Defendant for fabricated debts. (Id. at ¶¶ 100-103.)

Of note, during the pendency of Tina's criminal prosecution, Plaintiff filed a civil suit against Tina and Defendant in state court in McLean County, Illinois. (Id. at ¶ 32.) While Plaintiff obtained a judgment for $1.46 million against Tina in the civil suit, the Illinois court dismissed Plaintiff's fraudulent transfer claim against Defendant for lack of personal jurisdiction. (Id. at ¶¶ 104-117.) Thus, Plaintiff filed the instant case alleging that the MSA transfer, Defendant's liquidation of certain stock proceeds during the divorce period, Tina's release of certain stock proceeds to Defendant following the divorce, and post-divorce

transfers made from Tina to Defendant were actually and constructively fraudulent as to Plaintiff, and therefore voidable.[2]

**B. Plaintiff's Discovery Motions**

Plaintiff's objection relates to rulings made by Judge Dudek on Plaintiff's discovery motions. Plaintiff served its first set of Discovery Requests on Defendant on February 17, 2025. (Doc. #83, p. 12.) Pertinent to Plaintiff's objections to the magistrate judge's order, Plaintiff's discovery requests included requests for (a) information and document requests related to Defendant's relationship and communications with Tina, (b) information and documents related to Defendant's financial accounts, and (c) documents related to Defendant's malpractice suit against the California attorney that prepared the MSA. (Id. at pp. 18-24.)

Defendant's March 24, 2025, response to the discovery requests included both general and specific objections on grounds of, among other things, overbreadth, relevancy, and privilege. (Id. at pp. 28-41.) Between March 27, 2025, and April 30, 2025, counsel for Plaintiff and counsel for Defendant corresponded on three occasions regarding discovery, apparently without success. (Id. at pp. 12-13.)[3] Accordingly, on May 12, 2025, Plaintiff filed a

---

[2] After the marriage was dissolved, Robert left California and eventually took up residency in Florida. Robert currently resides in Port Charlotte, Florida. Accordingly, venue is proper in this district.

[3] First, on March 27, 2025, counsel for Plaintiff sent counsel for Defendant a memorandum challenging the adequacy of Defendant's

-5-

Motion to Compel Discovery (Doc. #83) seeking the following: First, Plaintiff sought to compel Defendant to sign his discovery responses. Second, Plaintiff sought to compel Defendant to answer five outstanding interrogatories based on allegedly improper specific objections. Third, Plaintiff sought to compel Defendant to respond to five outstanding document requests on the same basis. Fourth, Plaintiff sought to compel Defendant to remove improper general objections from his discovery responses and supplement the individual responses with any information or documents that Defendant withheld based on those improper objections. Plaintiff also sought an award of attorney fees incurred in pursuing the motion. (Id. at pp. 1-2.)  Defendant filed a Response in Opposition to Plaintiff's Motion to Compel (Doc. #96) on June 16, 2025. Defendant attached amended responses "to address some of [Plaintiff's] concerns" to his response. (Id. at p. 1.)

Meanwhile, on June 11, 2025, Plaintiff filed a Motion to Stay Discovery Pending Resolution of the Discovery Motion (Doc. #94) arguing that until the Court resolved the Discovery Motion, Plaintiff would be "unable to conduct follow-up written discovery, make decisions about witnesses and experts, or commence oral

---

discovery responses.  On April 29, 2025, the parties conducted a videoconference to discuss the discovery responses.  During the conference, the parties failed to reach an agreement about the objections to the discovery requests. Finally, on April 30, 2025, counsel for Plaintiff requested that counsel for Defendant supplement its discovery responses by May 6, 2025 (Doc. #83).

discovery." (Id.). On June 25, 2025, Defendant filed a Response in Opposition to Plaintiff's Motion to Stay Discovery (Doc. #100). With leave of the Court, Plaintiff filed a reply to Defendant's Response in Opposition to Plaintiff's Motion to Compel on June 25, 2025 (Doc. # 101). Plaintiff likewise filed a reply to Defendant's Response in Opposition to its Motion to Stay Discovery on July 2, 2025 (Doc. #105).

Judge Dudek took up Plaintiff's discovery motion at a hearing on July 16, 2025. Judge Dudek found that the first issue raised in Plaintiff's Motion to Compel, involving Defendant's failure to sign the discovery responses, had been mooted by the amended discovery responses which included his signature. (Doc. #112, p. 7.) After that, Judge Dudek addressed the individual discovery requests in turn, reading into the record each of the discovery requests and the amended responses. Based on the amended discovery responses, Defendant's objections, and Judge Dudek's analysis of the proper scope of discovery in this case, Judge Dudek granted Plaintiff's motion to compel as to Interrogatory No. 6, Interrogatory No. 12, and Document Request No. 5, with limitations placed on the record, and otherwise denied the motion. (Id. at pp. 8-97.) Much of Plaintiff's motion to compel was mooted by the amended discovery responses. (Id. at pp. 8-97.)

Judge Dudek then addressed Plaintiff's request for attorney's fees from the bench, noting as a preliminary matter that when a

motion to compel is granted in part and denied in part, the decision to grant or deny attorney's fees is in the Court's discretion. (Id. at p. 108.) Judge Dudek observed that although some discovery answers "were amended and responded to ... there were also a few discovery requests that were overbroad that [he] overruled." Accordingly, because Judge Dudek did not "think the objections rose to the level where [he] would consider them sanctionable" and instead constituted "valid discovery issues that were brought before the Court and had to be resolved[,]" Judge Dudek decided not to issue sanctions on either party. (Id. at p. 108.) Finally, Plaintiff's motion to stay the proceedings was granted insofar as the parties agreed to a new scheduling order extending all deadlines by 120 days. (Id. at p. 106.) Judge Dudek memorialized these findings in a written order the same day. (Doc. #110.)

### C. Plaintiff's Objection

Plaintiff's objection to the July 16, 2025 order rests in its contention that under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel discovery is granted, or the requested discovery is provided after filing the motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's

fees." That rule further states that a court must not order this payment where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff asserts that given its "near-total win on the Discovery Motion, Plaintiff was entitled to its expenses—unless one of the three prohibitions applies." (Id. at p. 16.) Thus, according to Plaintiff, because Plaintiff engaged in "extraordinary efforts to resolve the discovery disputes before filing the motion[,]" Judge Dudek failed to "provide a reason that awarding [P]laintiff its expenses in pursuing the motion was 'unjust'[,]" and "[n]o justification, and certainly no 'substantial' justification, exists for [Defendant's] violations of the discovery rules[,]" Plaintiff is entitled to reasonable expenses. (Id. at p. 16.) Defendant responds that because Plaintiff's motion was only partially successful, Judge Dudek had discretion to decline awarding attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(C). (Doc. #114.) This Court agrees.

"The provisions of Rule 37(a)(5)(A) apply only when the motion is granted or the nonmoving party provides disclosure or discovery after the motion is filed." Knights Armament Co. v. Optical Sys.

Tech., Inc., 254 F.R.D. 470, 472 n.4 (M.D. Fla. 2008). If a motion to compel "is granted in part and denied in part, the court...may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In spite of Plaintiff's characterization of Judge Dudek's Discovery Order as a "near-total win" for Plaintiff, Judge Dudek engaged in a painstaking analysis of Plaintiff's discovery requests and determined that the motion to compel must be denied as to many of the requests, and that several other of the discovery requests must be narrowed in scope.

Specifically, regarding Plaintiff's request that Defendant produce phone logs reflecting calls between Defendant and Tina "[f]or the period March 1, 2018, to the present," Judge Dudek denied the request in part, instead ordering Defendant to produce the name of Defendant's telephone providers from March 1, 2018, to the present. (Doc. #112, p. 66.) Even as to Plaintiff's discovery requests related to Defendant's financial accounts, Judge Dudek granted Plaintiff's motion to compel Defendant to provide information about his financial accounts only insofar as Plaintiff requested the name of the relevant financial institutions, the account numbers, the date each account was opened, and the date each account was closed, but denied the motion insofar as Plaintiff asked for "the course of any and all finds in such account[,]" as overly burdensome. (Id. at p. 52.) Judge Dudek additionally

-10-

limited the scope of the interrogatory to the period between January 1, 2018, and the present (Id.).

Judge Dudek similarly granted Plaintiff's motion to compel production of account statements for all of Defendant's financial accounts from January 1, 2018, to present only in part, ordering account records to be produced just for the period between September 1, 2019, and February 20, 2020. (Id. at p. 78.) Finally, Judge Dudek denied Plaintiff's motions to compel production of documents related to Defendant's malpractice suit against Jonathan LaRose, the California family law attorney that prepared the MSA, determining that Plaintiff failed to identify "that the LaRose case bears some relevance to the issues" in the instant case. (Id. at p. 90.)

Accordingly, the provisions of Rule 37(a)(5)(A) are inapplicable to this case. Instead, the question of whether Judge Dudek erred in denying Plaintiff's request for attorney's fees must be viewed through the discretionary lens of Rule 37(a)(5)(C), and his decision will only be reversed if it was clearly erroneous or contrary to law. See Knights Armament Co., 254 F.R.D. at 472 (noting that awards of attorney's fees are discretionary under Rule 37(a)(5)(C)).

Judge Dudek determined that Defendant's objections did not "[rise] to the level where [he] would consider them sanctionable" and instead constituted "valid discovery issues that were brought

before the Court and had to be resolved." In light of the detailed analysis Judge Dudek embarked on in considering Plaintiff's discovery requests and Defendant's corresponding objections, this Court is not left with a definite and firm conviction that Judge Dudek committed a mistake when he determined that the issues addressed at the July 16, 2025 Discovery Hearing constituted a valid dispute worthy of being addressed by the court rather than a sanctionable offense.

More to the point, Defendant had plausible reasons for its discovery objections, particularly because Plaintiff's motion was only partially successful. After all, it is for this reason that Rule 37(a)(5)(C) affords discretion to "'apportion ... reasonable expenses,' if such a motion is 'granted in part and denied in part.'" Baylor v. Mitchell Rubenstein & Assocs., P.C., 857 F.3d 939, 951 (D.C. Cir. 2017) (holding that a district court did not abuse its discretion in declining to award attorney fees for a motion to compel that was only partially successful).

"In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37." Wyndham Vacation Ownership, Inc. v. Montgomery Law Firm, LLC, No. 8:19-CV-1895-T-36CPT, 2020 WL 3512121, at *2 (M.D. Fla. June 29, 2020). Judge Dudek did not abuse that discretion in declining to award attorney fees based on Defendant's objections to Plaintiff's

discovery requests. Because the deferential clearly erroneous or contrary to law standard has not been met, Plaintiff's objection is overruled.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objection (Doc. #113) is **OVERRULED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of August 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE