UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

F & W LAWN CARE AND
LANDSCAPING, INC., AN
ILLINOIS CORPORATION,

      Plaintiff,

v.                                    Case No:  2:23-cv-549-JES-DNF

ROBERT A. COZART

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiff F&W Lawn Care and Landscaping Inc.'s ("Plaintiff") Motion to Strike Declaration of Joseph A. Stewart (Doc. #145).  Defendant Robert A. Cozart ("Defendant") filed a Response in Opposition to Plaintiff's Motion (Doc. #148) on March 27, 1026.  For the reasons set forth below, Plaintiff's Motion is granted.

**I.**

The events underlying this litigation began in 2008, when Defendant's then-wife Tina Cozart ("Tina") engaged in a scheme of fraudulently using Plaintiff's credit cards for her own personal gain while working as an office manager for Plaintiff (Doc. #1, ¶ 8).  In August 2016, federal prosecutors in Illinois charged Tina with fraud and tax violations ("the Criminal Case").  Defendant was not charged.  In December 2017 Tina pleaded guilty and was

sentenced to a term of imprisonment for a fraud charge and a tax charge. Tina was also ordered to pay Plaintiff over $1.4 million in restitution. (Id. at ¶¶ 30-39.)

Sometime between late 2015 and early 2016, Tina and Defendant moved to California. (Id. at ¶¶ 27-28.) Defendant filed a petition for divorce from Tina in 2018. In late 2019 Tina and Defendant executed a marital settlement agreement ("MSA"). Pursuant to the MSA, Tina assigned her entire 50% interest in certain assets[1] to Defendant. (Id. at ¶¶ 58-60.) The MSA forms the basis for Plaintiff's four fraudulent transfer claims against Defendant, who, according to Plaintiff, obtained a sham divorce from Tina to conceal Tina's assets by making Defendant the sole owner of the couple's community property. (Id.)

On January 21, 2026, Defendant filed a Motion for Summary Judgment (Doc. #138) asking the Court to enter judgment in his favor on all counts because, according to Defendant, excluding exempted property Plaintiff "cannot prove damages at all and certainly not of an amount greater than $75,000." (Id. at p. 19.) Defendant argues that proving anything less than $150,000 in damages is fatal to Plaintiff's case because Defendant already paid the Government $150,000 as part of a settlement of

---

[1] Under California community property law, Tina had a 50% interest in all their assets, notwithstanding any titled ownership in Robert's name.

-2-

supplementary proceedings against Defendant in the Criminal Case, which the government then paid to Plaintiff.  (Id. at 27-28.)

On February 17, 2026, Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. #141.)  In pertinent part, Plaintiff asserted that (1) the Government's restitution settlement with Defendant in the Criminal Case sought very different damages against Robert than did its fraudulent transfer claim, (2) Plaintiff only received $147,000 of the $150,000 settlement, and (3) in any event, the restitution settlement encompassed not only Plaintiff's losses, but also, losses attributable to the IRS.  Thus, according to Plaintiff, any money Plaintiff received from Defendant's settlement with the Government cannot be used to offset Plaintiff's damages in this case.  (Id. at ¶¶ 8-9.)

Defendant filed a Reply on March 9, 2026.  (Doc. #144.) Attached to his Reply is a four-page declaration from Joseph Stewart, Defendant's attorney of record, (the "Declaration"), which, according to Plaintiff, "contains so many inadmissible, and inappropriate, statements . . . that plaintiff cannot allow it to stand unchallenged."  (Doc. #145 at ¶¶ 16-18.)

## II.

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter" upon motion by any party. Fed.

R. Civ. P. 12(f).   While the Court enjoys broad discretion in making this determination, a motion to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Pashoian v. GTE Directories, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002) (citing Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000)).

A motion to strike that is directed at affidavits submitted in support of or in opposition to a summary judgment motion is governed by Federal Rule of Civil Procedure 56(c)(4).   Pursuant to that Rule, an affidavit "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." Fed. R. Civ. P. 56(c)(4).   A party may object to any material presented in support of a motion for summary judgment, including a declaration, if it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

Plaintiff challenges, among other things, portions of the Declaration which "tout[] the credentials of Mr. Stewart as a former 17-year Assistant United States Attorney" in the financial unit (id. at ¶ 17(a)), portions of the Declaration which allege that an AUSA involved in the Criminal Case told and/or implied to Stewart that Plaintiff's attorney lobbied his office to file the supplement fraudulent transfer claim against Defendant (id. at ¶¶

-4-

17(b)-17(c)), and portions of the Declaration purporting to interpret Federal law (id. at ¶¶ 17(d)-17(f)) on grounds of relevancy and hearsay. Defendant responds that the challenged statements are "both proper and not subject to being stricken under Rule(c)(4)." (Doc. #148 at p. 7.)

An attorney practicing in the Middle District "must remain familiar with, and is bound by, the rules governing the professional conduct of a member of The Florida Bar." M.D Fla. L.R. 2.01(e). The statements contained in Counsel's declaration run afoul of the advocate-witness rule. See Fla. R. Prof. Cond. 4-3.7. Pursuant to that Rule, an advocate is generally prohibited from testifying to contested substantive facts.[2] Here, Defendant cannot show affirmatively that the affiant is competent to testify to matters stated in the Declaration. Accordingly, because the

---

[2] Florida Rule of Professional Conduct 4-3.7 is reproduced in its entirety below:

**RULE 4-3.7 LAWYER AS WITNESS**

**(a) When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case; or

(4) disqualification of the lawyer would work substantial hardship on the client.

matters set forth in the Declaration cannot "be reduced to an admissible form" through counsel, as required for consideration on a Motion for Summary Judgment, the Declaration will be stricken. See Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005) (citing Macuba v. Deboer, 193 F.3d 1316, 1324-25 (11th Cir. 1999)).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike (Doc. #145) is **GRANTED.** The Declaration of Joseph A. Stewart (Doc. #144-1) is stricken. The Clerk is directed to make a notation on the docket.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

-6-